```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                         Civil No. _____
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|        PLAINTIFF, | ) | |
| | ) | |
| v. | ) | COMPLAINT FOR FORFEITURE |
| | ) | *IN REM* |
| REAL PROPERTY AND PREMISES | ) | |
| LOCATED AT 10903 PURDEY ROAD, | ) | |
| EDEN PRAIRIE, MINNESOTA, AND | ) | |
| REAL PROPERTY AND PREMISES | ) | |
| LOCATED ON WINDMILL ROAD, | ) | |
| TANEY COUNTY, MISSOURI, | ) | |
| | ) | |
|        DEFENDANTS. | ) | |

The plaintiff, through its attorneys, B. Todd Jones, United States Attorney for the State and District of Minnesota, and James S. Alexander, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1.  Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the District of Minnesota, alleges the following upon information and belief for its claim against the real property located at 10903 Purdey Road, Eden Prairie, Minnesota, and the real property located on Windmill Road, Taney County, Missouri,

(hereinafter "defendant real properties") for forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

## THE DEFENDANTS *IN REM*

2.   The defendant is real property known as 10903 Purdey Road, Eden Prairie, Minnesota, with all buildings, appurtenances, improvements, and attachments thereon, and described as Lot 1, Block 1, Bell Oaks Eighth Addition.

3.   The defendant further consists of real property located on Windmill Road, Taney County, Missouri, with all buildings, appurtenances, improvements, and attachments thereon, being more particularly described as follows:

> A part of Lot 3 of the FRLSW1/4 of Section 31, Township 22 North, Range 21 West of the 5th Principal Meridian, Taney County, Missouri, being more particularly described as follows:
>
> Commencing at the Northwest corner of said Lot 3; thence South 01° 28' West along the West line of said Lot 3, 357.4 feet; thence south 88° 57' East 153.3 feet to the POINT OF BEGINNING; thence continuing South 88° 57' East 300 feet; thence South 01° 06' West 714.19 feet to a point on the Northeasterly R/W of Windmill County Road (County Road 365-30); thence North 40° 51' West along R/W 449.15 feet; thence North 01° 08' East 380.60 feet to the point of beginning; containing 3.77 acres, more or less.

4.   The defendant real properties have not been seized but are within the jurisdiction of this Court.  The United States does not request authority from the Court to seize the

defendant real properties at this time. The United States will, as provided by 18 U.S.C. §§ 985(b)(1) and (c)(1):

    a. post notice of this action and a copy of the Complaint on the defendant real property;

    b. serve notice of this action on the defendant real property owner, and any other person or entity who may claim an interest in the defendant real property, along with a copy of this Complaint; and

    c. file a notice of lis pendens in the county property records.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant real properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant real properties under 28 U.S.C. § 1355(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the defendant real property located at 10903 Purdey Road is located in this district, and

3

because the acts or omissions giving rise to the forfeiture occurred at least in part in this district.

## COUNT 1

8. The allegations contained in paragraphs 1 through 7 of the Complaint are realleged and incorporated by reference.

9. The defendant real properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because they constitute or are derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 and 1343.

## COUNT 2

10. The allegations contained in paragraphs 1 through 7 of the Complaint are realleged and incorporated by reference.

11. The defendant real properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because they are properties involved in or traceable to violations of 18 U.S.C. § 1957.

## FACTS

12. The defendant real properties are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), as set forth in the Affidavit of Andrew Gibart, Special Agent, Internal Revenue Service, filed in support of this Complaint for Forfeiture *In Rem* and incorporated herein by reference.

WHEREFORE, the plaintiff prays that notice of this action be given to all persons who reasonably appear to be potential claimants of interest in the properties; that the defendant real properties be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

Dated: November 16, 2010        B. TODD JONES
                                United States Attorney

                                s/ James S. Alexander

                                BY: JAMES S. ALEXANDER
                                Assistant U.S. Attorney
                                Attorney ID No. 166145
                                United States Attorneys Office
                                600 U.S. Courthouse
                                300 South Fourth Street
                                Minneapolis, MN 55415
                                jim.alexander@usdoj.gov